IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STERLING FLETCHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:15cv176-CSC |
| | ) | (WO) |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security,[1] | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

**I. Introduction**

On March 29, 2013, the plaintiff applied for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq*., and disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*., alleging that he was unable to work because of a disability. His application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[2] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.

[2] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

The case is now before the court for review pursuant to 42 U.S.C. §§ 405 (g) and 1383(c)(3).  Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to a United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment.  Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be reversed and remanded for further proceedings.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

To make this determination[3] the Commissioner employs a five step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not

---

[3]  A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

disabled.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[4]

The standard of review of the Commissioner's decision is a limited one.  This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th  Cir. 2004).  A reviewing court may not look only to those parts of the record which support the decision of the ALJ but instead must view the record in its entirety and take into account evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th Cir. 1986).  The court "may not decide the facts anew, reweigh the evidence, or substitute . . . [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (alteration in original) (quotation marks omitted).

> [The court must, however,] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

---

[4] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

### III. The Issues

**A. Introduction.** Fletcher was 56 years old on the date of onset. (R. 77). He has a General Equivalency Diploma ("GED") and some college. (R. 44). Fletcher's prior work experience includes work as a roofer and custodian. (R. 29 & 45). Following the administrative hearing, the ALJ concluded that when considering his substance abuse, Fletcher has severe impairments of "seizures secondary to alcohol withdrawal; [and] alcohol abuse with seizures." (R. 20). The ALJ concluded that when excluding consideration of Fletcher's alcoholism, he suffers only from the severe impairment of seizures. (R. 23). When excluding consideration of his substance abuse, the ALJ concluded that Fletcher was able to return to his past relevant work. (R. 29). In the alternative, the ALJ concluded that Fletcher also has the residual functional capacity to perform other jobs that exist in significant numbers in the national economy, and thus, he is not disabled. (R. 29-30).

**B. The Plaintiff's Claims.** As stated by Fletcher, he presents four issues for the Court's review.

1. The ALJ failed to adequately evaluate the "materiality" of Mr. Fletcher's alcohol use.

2. The ALJ erred in his assessment of Mr. Fletcher's cerebral atrophy.

3 The ALJ's residual functional capacity is not rooted in the record.

4. The ALJ failed in his duty to fully and fairly develop the record.

(Doc. # 12, Pl's Br. at 6-10).

4

## IV.  Discussion

This court's ultimate inquiry is whether the Commissioner's disability decision is supported by the proper legal standards and by substantial evidence.  *See Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987).  While a claimant has the burden of proving that he is disabled, an ALJ has a basic duty to develop a full and fair record.  *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003); *Kelley v. Heckler,* 761 F.2d 1538 (11th Cir. 1985).  "Social Security proceedings are inquisitorial rather than adversarial.  It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits."  *Sims v. Apfel*, 530 U.S. 103, 110-111 (2000).

> The SSA is perhaps the best example of an agency that is not based to a significant extent on the judicial model of decisionmaking.  It has replaced normal adversary procedure with an investigatory model, where it is the duty of the ALJ to investigate the facts and develop the arguments both for and against granting benefits; review by the Appeals Council is similarly broad.  *Id*.  The regulations also make the nature of the SSA proceedings quite clear.  They expressly provide that the SSA "conducts the administrative review process in an informal, nonadversary manner."  20 C.F.R. § 404.900(b).

*Crawford & Co. v. Apfel*, 235 F.3d 1298, 1304 (11th Cir. 2000).

The ALJ must also state, with sufficient specificity, the reasons for his decision referencing the plaintiff's impairments.

> *Any* such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual *shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based.*

42 U.S.C. § 405(b)(1) (emphases added).

5

The ALJ is not free to simply ignore medical evidence, nor may he pick and choose between the records selecting those portions which support his ultimate conclusion without articulating specific, well supported reasons for crediting some evidence while discrediting other evidence. *Marbury v. Sullivan*, 957 F.2d 837, 839-41 (11th Cir. 1992). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits is rational and supported by substantial evidence." *Cowart v. Schweiker,* 662 F.2d 731, 735 (11th Cir. 1981).[5] Because the court finds that the ALJ erred as a matter of law when he failed to develop the record regarding Fletcher's cerebral atrophy, the court pretermits discussion Fletcher's remaining issues.

 The medical evidence demonstrates that, on January 29, 2013, Fletcher was transported by ambulance to Jackson Hospital Emergency Room in Montgomery, Alabama after suffering syncope and a seizure. (R. 252). On arrival, he was in distress, confused, postictal, and disoriented. (R. 254-255, 264). He was admitted to the hospital, and diagnosed with alcohol withdrawal-induced seizure. (R. 259-60). The seizure was "attributed to active chronic alcohol abuse." (R. 254, 262). During the course of Fletcher's treatment, he underwent a CT scan of his brain which revealed "[i]ntracranically, there is **moderate degree of white matter disease in the periventricular regions compatible with chronic small vessel ischemic change**." (R. 270) (emphasis added). Fletcher was diagnosed with cerebral atrophy at least five (5) times. (R. 254, 259, 260, 262 & 265). Treatment notes reveal that Fletcher's "atrophy

---

[5] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

of the brain [is] not commensurate [with] the age."  (R. 265).

> According to the National Institute of Neurological Disorders and Stroke,
>
> Cerebral atrophy is a common feature of many of the diseases that affect the brain.  Atrophy of any tissue means loss of cells.  In brain tissue, atrophy describes a loss of neurons and the connections between them.  Atrophy can be generalized, which means that all of the brain has shrunk; or it can be focal, affecting only a limited area of the brain and resulting in a decrease of the functions that area of the brain controls.  If the cerebral hemispheres (the two lobes of the brain that form the cerebrum) are affected, conscious thought and voluntary processes may be impaired.
>
> The pattern and rate of progression of cerebral atrophy depends on the disease involved. . . .  Many diseases that cause cerebral atrophy are associated with dementia, seizures, and a group of language disorders called the aphasias.

NINDS Cerebral Atrophy Information Page *available at* http://www.ninds.nih.gov/disorders/
cerebral_atrophy/cerebral_atrophy.htm (last visited Aug. 16, 2016).

> Yet, despite the evidence in the record and without securing additional information, the ALJ concluded that Fletcher's cerebral atrophy was not a severe impairment because it did not "cause more than minimal limitations in the claimant's ability to perform basic work activities."  (R. 20).  The ALJ offers no explanation and points to no evidence in the record to support this conclusion.  The medical evidence shows without contradiction that Fletcher suffers from moderate cerebral  atrophy not consistent with or commensurate with his age.  However, the ALJ failed to make any inquiry at all about Fletcher's cerebral atrophy or consider how that condition impacts his ability to perform work.  "[T]he severity of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or

normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986); *Gray v. Comm'r of Soc. Sec.*, 426 F. App'x 751, 753 (11th Cir. 2011); *Manzo v. Comm'r of Soc. Sec.*, 408 F. App'x 265, 269 (11th Cir. 2011).

In this case, the ALJ failed to "discuss meaningfully how [Fletcher's cerebral atrophy] might affect [his] ability to perform" work. *See Barrio v. Comm'r of Soc. Sec. Admin.*, 394 F. App'x 635, 638 (11th Cir. 2010). While it is undisputed that Fletcher suffers from moderate cerebral atrophy, it is unclear how this condition *affects* his ability to work. "[W]hen the ALJ fails to 'state with at least some measure of clarity the grounds for his decision,' we will decline to affirm 'simply because some rationale might have supported the ALJ's conclusion.' " *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1179 (11th Cir. 2011) (quoting *Owens v. Heckler,* 748 F.2d 1511, 1516 (11th Cir.1984) (per curiam)). Without a more developed record and further inquiry, the court concludes that the ALJ erred as a matter of law when he failed to develop the record regarding the severity of Fletcher's cerebral atrophy and the effect of that impairment on Fletcher's ability to perform work.

Moreover, there is sufficient evidence in the record from which the ALJ should have concluded that it was necessary to secure additional medical evidence regarding Fletcher's cerebral atrophy before rendering a decision regarding his disability. The ALJ failed to order *any* consultative examination for Fletcher, let alone a neurological evaluation. The ALJ also did not require any updated x-rays, MRIs, CT scans or other medical testing to determine the extent of Fletcher's cerebral atrophy. He made no inquiry and took no action to ascertain how that impairment might impact Fletcher's ability to perform work. *See Holladay v. Bowen,* 848

F.2d 1206, 1209 (11th Cir. 1988) (ALJ is not required to order consultative examination unless the record establishes that such an evaluation is necessary to make informed decision); *Reeves v. Heckler*, 734 F.2d 519 (11th Cir. 1984) (error for ALJ not to order consultative examination where the evaluation is needed to make an informed decision). "Failure to apply correct legal standards or to provide the reviewing court with the sufficient basis to determine that the correct legal principles have been followed is grounds for reversal." *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

Pursuant to 20 C.F.R. § 416.917, the ALJ is required to order additional medical tests when the claimant's medical sources do not give sufficient medical evidence to make a determination as to disability. The ALJ acknowledged that there were no medical opinions in the record regarding Fletcher's limitations, (R. 28), but he then failed to order a neurological evaluation or any additional medical testing. The ALJ's failure to fully develop the record requires that this case be remanded for further proceedings because the ALJ could not make an informed decision based on the record before him. Thus, his decision is not supported by substantial evidence. On remand, to make a full and fair determination of Fletcher's disability claim, the ALJ shall secure a neurological evaluation from a neurologist or similarly qualified physician to determine the extent and effect of Fletcher's cerebral atrophy on his ability to perform work.

## V.  Conclusion

Accordingly, in light of the inadequate development of the medical evidence and the ALJ's failure to fully and fairly develop the record in this case, the court concludes that this

9

case should be remanded for further proceedings consistent with this opinion.  Further, it is

      **ORDERED** that, in accordance with *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1278 n.2 (11th Cir. 2006), the plaintiff shall have sixty (60) days after he receives notice of any amount of past due benefits awarded to seek attorney's fees under 42 U.S.C. § 406(b). See also *Blitch v. Astrue*, 261 F. App'x 241, 242 n.1 (11th Cir. 2008).

      A separate final judgment will be entered.

      Done this 17th day of August, 2016.


                    _____/s/Charles S. Coody_____

                    CHARLES S. COODY
                    UNITED STATES MAGISTRATE JUDGE

10